## PLATTS vs. WALRATH.

Plaintiff (one of the makers of a promissory note for $1500) gave defendant (the holder) a mortgage as collateral security to the note, defendant agreeing in consideration thereof to deduct $50 from the amount of the note; at the time of and as a part of this transaction, defendant made plaintiff a further and distinct loan of $600; when this latter debt came due, defendant forebore pressing for payment on plaintiff's giving him a note for the $50 deducted, and interest on those $50.

*Held*, that the giving the mortgage did not work a satisfaction of the original debt; that plaintiff was still morally and legally liable for the $50 deducted; that there was a good consideration for his note to that amount, with interest; and that such note was a good set off in an action by plaintiff against defendant for goods sold and delivered.

Otherwise, had the evidence of the case clearly shown that the mortgage was under seal and had been given, not as a mere security, but as a substitute for the note. *Per* Cowen, J.

*Held further*, that the transaction was not usurious.

Error to the Montgomery common pleas. The facts are sufficiently stated in the opinion of the court.

*By the Court*, Cowen, J. Platts sued Walrath before a justice of the peace for $50.37½, the price of a number of fence posts sold in the spring of 1840. Defendant pleaded as a set off plaintiff's note for $67.72, payable to defendant. Something was said, before this note was given, of the demand for which it was afterwards given being paid in fence posts. These being delivered the next spring, perhaps the justice was warranted in connecting the delivery of the posts with the previous conversation, and so inferring that the posts were intended to satisfy the note. But it is not necessary to consider the case much in this view.

The main question was whether the note was supported by a valuable consideration. The defendant held a note of $1500 against the plaintiff and others. Doubting their ability to pay, it was agreed that if the plaintiff would secure all, except $50, by a mortgage, so much should be thrown off. Mr. Wagner testified that the mortgage was given in place of the note.

As a part of the arrangement the defendant lent the plaintiff $600, on a distinct security by note. When this became due, he (defendant) pressed for immediate payment, but forbore on the plaintiff consenting to secure him the $50 he had agreed to relinquish. To that the interest was added, and some articles of deal, making in the whole $67.72.

It is not denied that all the items included in the note were honestly due. But it is said the compromise having released the $50, the note is void for so much; and for so much, at any rate it should nòt have been allowed by the justice as a set off. It is not denied that, over and above the $50 and interest on that, the note set off was for a proper consideration.

If I agree to give off part of a debt in consideration that my debtor will secure the residue by his own personal security, and he does so, this is no satisfaction; nor do I see how the case is bettered for him, if the agreement be to charge his real or personal estate with the payment. It was his duty to do more, to pay the debt; and it is no consideration for my releasing part, that he does less. All his means were before legally and honestly pledged, in a form somewhat less stringent, to be sure; but he has done no more than his duty; indeed, not so much. The whole is but an accord; it is no satisfaction, which always implies a consideration. It follows that, of itself, the giving of the mortgage, though as a substitute for the note of 1500 dollars, and though it was accepted in satisfaction, was not a bar to the claim of the balance. Had the security been a collateral thing, as the note of a third person, or a chose in possession, the effect would have been different. In such cases there is something over and above what is already pledged; and an agreement to consider it as of a value equivalent to the original debt is conclusive. The payment of a debt may be postponed or suspended by an agreement in consideration of a security from the debtor in a different form from the original security, as where a promissory note is given in lieu of an open account; but the cases in this court may, I think, be said to have stopped there. (a)

In another view, I admit, the mortgage might have operated as a satisfaction. If the evidence had clearly shown that it was under seal, and had not been given as a mere security for the note, but as a substitute for it, the case would then have been presented of a security higher in dignity, a specialty in place of a simple contract debt, operating as an extinguishment of the latter. The case would then have come within the rule of *Stafford* v. *Bacon*, 1 Hill, 532. The original debt having been extinguished by the agreement of the parties, the unpaid fifty dollars would no longer have been considered even as the subject of such a moral obligation as to sustain a promissory note for the amount. But the proof was quite defective in showing how

(a) See *Coonley* v. *Coonley*, post, and note.

the business was done.   Even the mortgage was left to parol proof.   Did it refer to and profess to be a security for the note of 1500 dollars ? or that sum less the fifty dollars agreed to be thrown off?   Was there a bond  given and  the note surrendered ?   Was the mortgage under seal ? was it in fee or for years only ?   In short, did it take the form of a mere collateral security, such as we commonly understand by the term mortgage, or were such steps taken as in fact to extinguish the original debt and create a new one ?   The proof was extremely equivocal on all these heads of inquiry, to say the least, and I think open to a construction which would warrant the justice in saying that, after all, the whole may have taken the form of a mere collateral security.   If that were so, even if specialties were executed, they would not work an extinguishment.   The moral and even legal obligation to pay the whole remained.   Taking the words of Mr. Wagner in one sense, the justice would certainly have been authorized to infer that the simple contract debt was gone.   But no mortgage, no bond was produced, and the transaction might have been in such a form as not to work the effect which the parties intended.   Where the claim for a debt is sought to be barred without actual satisfaction, it behoves the party to present the best evidence the nature of his case will admit, or, at least, fully account for its absence.   The rule is indeed general; and, applying it to the case before us, in the absence of the documentary proof, we can not deny the justice's right to turn every inference against the plaintiff.   True, it does not appear that oral evidence of the mortgage was objected to by the defendant.   The justice mentions an objection, but does not say who made it.   But independently of the question of competency, the omission detracts greatly from the exactness of the evidence and its general force.   It is by no means clear that where a party will risk his case on parol when he has written evidence, the tribunal to which it is addressed may not in its discretion regard it as too suspicious to weigh any thing. Looking at the loose and secondary character of the proof as stated in the return, it was, perhaps, a question of fact whether any mortgage at all was given; or at least whether,

if given, it was not in terms a mere collateral security for the large note.

On what ground the small note can be said to be usurious, it is difficult to see. Taking the particular facts most strongly against the defendant, they are that he had agreed to relinquish fifty dollars of an honest debt without receiving any real value for the relinquishment. Then, by pressing the plaintiff and threatening to sue him for another debt equally honest, he terrified him into a note for the $50 agreed to be given up. True it was brought about by forbearance on the $600 note for the money lent. Had the plaintiff been able to pay that and avoid costs, the small note would not have been given. But this was not claimed as a compensation for the delay. It was claimed as a debt still due in conscience and morality, if not in law. It was undoubtedly due in one or the other view; and I think the justice was authorized to say in both. The note is spoken of as having been oppressively obtained. The particulars already detailed constitute all the oppression there is in the case. The creditor threatens the debtor that if he will not give him a note for one honest debt, he will sue him for another.

On the whole, we think the common pleas were right in affirming the jugment of the justice.

Judgment affirmed.